UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON KENNETH BRUCE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-894-DRL-MGG |
| MR. K. KACZKA, | |
| Defendant. | |

OPINION & ORDER

Jason Kenneth Bruce, a prisoner without a lawyer, filed this complaint alleging a guard at the Indiana State Prison used excessive force against him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must still review the merits of this complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Bruce alleges that on April 18, 2019, at around 1:00 p.m., he asked Correctional Officer Windmiller to call a higher ranking officer to his cell. He alleges Officer Windmiller called Sergeant Kaczka and left the area. It is unclear why Mr. Bruce is suing Officer Windmiller. What is clear is that Officer Windmiller did nothing to violate Mr. Bruce's constitutional rights. He will be dismissed from this lawsuit.

Mr. Bruce alleges Sergeant Kaczka arrived ten to fifteen minutes later to find him reeking of alcohol because he had been drinking. They spoke. Sergeant Kaczka left. Sometime later, he returned because Mr. Bruce had thrown his personal property out of the cuff port and onto the range where another inmate was trying to light it on fire while Mr. Bruce was urinating out of his cuff port.

> I stuck my hands and arms out of my cuff port to prevent Mr. Kaczka from closing my cuff port. Sgt. Mr. Kaczka then slammed, as hard as he can, repeatedly my hands, wrists, and arms in the cuff port to my cell in his attempt to get me to pull my arms in my cuff port so that he can close the door to the cuff port. [H]e repeatedly slammed my hands, wrists, and arms in the cuff port a total of about 6-8 times.

ECF 1 at 3.

Mr. Bruce alleges this was an excessive use of force in violation of the Eighth Amendment. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Sergeant Kaczka had justification to use force against Mr. Bruce to close the cuff port and restore order. Nevertheless, based on the pleading, Mr. Bruce has plausibly alleged that Sergeant Kaczka used significantly more force than was necessary and that the amount of force he used was done for the purpose of causing harm rather than merely to restore order.

Mr. Bruce also alleges the grievance coordinator, Mr. J. Wallen, improperly processed and denied the grievance he filed about how Sergeant Kaczka injured him with the cuff port. However, "the alleged mishandling of [the plaintiff]'s grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). Therefore, Mr. J. Wallen will also be dismissed.

For these reasons, the court:

(1) GRANTS Jason Kenneth Bruce leave to proceed against Sergeant Kaczka in an individual capacity for compensatory and punitive damages for allegedly slamming his hands, wrists, and arms in the cuff port six to eight times for the purpose of causing him harm on April 18, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Mr. Windmiller and Mr. J. Wallen;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sergeant Kaczka with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Kaczka to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 11, 2020                         *s/ Damon R. Leichty*
                                     Judge, United States District Court